# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| SUZETTE CAMPBELL, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-984 |
| J. SCOTT WATSON, P.C., et al., | : | |
| Defendants | : | |

**November _30__, 2009**                                               **Anita B. Brody, J.**

## EXPLANATION

On November 3, 2008, Defendants filed a civil suit against Plaintiff Suzette Campbell ("Campbell") in the Bucks County Court of Common Pleas, Pennsylvania. In that action, Defendants sought to collect unpaid balances on loans totaling $9,894.81 and attorney fees of $3,360.81.

Campbell filed the instant action because she believes Defendants' demands for attorney fees were excessive and in violation of federal and state law. On March 13, 2009, Campbell filed a Complaint alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 72 P.S. § 201.1 *et seq.*, and alleging a claim of wrongful institution of legal proceedings under Pennsylvania law. On June 19, 2009, Campbell filed an Amended Complaint

that contains only one cause of action: a violation of the FDCPA. Defendants move to dismiss Campbell's claims for certain categories of damages and her claim for declaratory relief.[1]

First, Defendants move to dismiss Campbell's requests for statutory damages under the FCEUA and UTPCPL. Campbell deleted the sections of the Complaint alleging violations of those statutes. As the Amended Complaint now excludes violations of the FCEUA and UTPCPL, Campbell cannot recover damages pursuant to those statutes. Thus, I grant Defendants Motion to Dismiss Campbell's claims for damages pursuant to the FCEUA and UTPCPL.

Next, Defendants move to dismiss Campbell's demands for punitive and treble damages. As Campbell's only remaining claim is for a violation of the FDCPA, I examine whether punitive or treble damages are available under that statute. Section 1692k(a) of the FDCPA provides that debt collectors are liable for:

(1) any actual damage sustained by such person as a result of such failure;

(2)     (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

---

[1] In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). A motion to dismiss should be granted under Rule 12(b)(6) if the moving party has established that the plaintiff is not entitled to relief under any reasonable reading of the complaint. Brown v. Card Serv. Ctr., 464 F.3d 450, 452 (3d Cir. 2006).

15 U.S.C. § 1692k(a). Section 1692k(a)(2)(A) is clear that additional damages may not exceed $1,000; punitive and treble damages above $1,000 are unauthorized. See Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004) (holding that, where plaintiff alleged zero actual damages, the defendant's settlement offer "in the amount of $1,000 plus reasonable costs and fees provided the maximum statutory relief available"); Wright v. Litton Loan Servicing LP, No. 05-2611, 2006 WL 891030, at *4 (E.D. Pa. Apr. 4, 2006) (finding "punitive damages are not authorized by [the FDCPA]"). Thus, I dismiss Campbell's claims for punitive and treble damages.

Finally, Defendants move to dismiss Campbell's request for declaratory relief from further unlawful collection activity. The FDCPA permits only the Federal Trade Commission to seek injunctive or declaratory relief. Weiss, 385 F.3d at 341. I grant Defendants' Motion to Dismiss Campbell's claim for declaratory relief.

                                                s/Anita B. Brody

                                      _____
                                      ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                  Copies **MAILED** on _____ to: